UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRADFORD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV1710 CDP |
| | ) | |
| LINDA MEADE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on the motions to take judicial notice filed by plaintiffs Troy Spencer and William Bradford. Spencer asks me to take judicial notice under Rule 201 of the Federal Rules of Evidence of the following two facts: 1) the Church of the Narrow Way is a sect of Christianity; and 2) "plaintiff is a sincere follower of the teachings of the Church of the Narrow Way." In support of his motion, Spencer submits his own affidavit describing the teachings of the Church of Narrow Way. Similarly, William Bradford asks me to take judicial notice that: 1) "the Benkai Society is a religion that espouces [sic] an eclectic tradition of shamanic Witchcraft;" 2) plaintiff "is a sincere adherent of the beliefs and principles of the Benkai Society's eclectic tradition of shamanic Witchcraft;" and 3) "the Church of the Narrow Way is a religion that espouces a Christian doctrine." In support of his motion, Bradford has filed two supporting memoranda describing religion and the

religious teachings of the Benkai Society, as well as his own affidavit.

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts and provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs' description of their religious beliefs and their testimony about the sincerity of their beliefs are not adjudicative facts under Rule 201, so their motions will be denied. Moreover, a party is entitled to an opportunity to be heard on the propriety of taking judicial notice, and defendants in this case have yet to be served. Therefore, any motion for judicial notice would be premature at this stage of the litigation.

Bradford has also filed a motion requesting that the Clerk of the Court copy and serve pleadings filed by one plaintiff on the other plaintiff. Bradford claims that this relief is necessary because plaintiffs are prohibited from direct communications with each other about their case. Bradford's motion will be denied. There is no provision in the federal or local rules permitting the Court to grant such relief. It remains plaintiffs' responsibility to comply with the provisions of Rule 5 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Troy Spencer's motion for judicial notice [#12] is denied.

**IT IS FURTHER ORDERED** that plaintiff William Bradford's motion for judicial notice [#16] is denied.

**IT IS FURTHER ORDERED** that William Bradford's motion for copies to be served upon all plaintiffs [#15] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2005.