UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1710 CDP |
| ) | |
| LINDA MEADE, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Defendants Linda Meade and Kristina Nicholson move to dismiss plaintiffs' complaint for failure to state a claim. Plaintiffs William Bradford and Troy Spenser are residents of the Missouri Sexual Offender Treatment Center and have brought this pro se § 1983 action against two of the Center's employees, psychologist Linda Meade and activity aide Nicholson. Plaintiffs allege that the defendants denied them permission to publish newsletters in violation of their First Amendment rights to freedom of speech, press and religion and their Fifth and Fourteenth Amendment due process rights.

Defendants contend that plaintiffs' claims for damages are barred by the Eleventh Amendment.[1] I agree. Generally, "in the absence of consent a suit in

---

[1]Defendants also sought dismissal of plaintiffs' claims for injunctive relief, but later withdrew that request because the Eleventh Amendment does not bar

which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Section 1983 damage claims against individual defendants acting in their official capacities are also barred by the Eleventh Amendment. Id. However, "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Id. Finally, "[t]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities." Id.

Plaintiffs' complaint is silent about the capacity in which defendants are being sued. Therefore, at this point I must interpret the complaint "as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).[2] Plaintiffs' claims for monetary damages against defendants

---

claims for prospective injunctive relief. See Larson v. Kempker, 405 F.3d 645, 649 (8th Cir. 2005).

[2]The Court could consider a timely motion to amend plaintiffs' complaint to assert individual damage claims against these defendants under § 1983. If such a motion to amend were granted, plaintiffs' claims for damages could be reinstated. See Murphy, 127 F.3d at 755 (district court has discretion to permit prisoner to

are barred by the Eleventh Amendment and must be dismissed. Therefore, defendants' motion to dismiss plaintiffs' complaint for monetary damages will be granted.

Bradford also moves for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. <u>See</u> <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

After considering these factors, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. I will therefore deny Bradford's motion for appointment of counsel.

---

amend § 1983 complaint to specify that claims are brought in individual capacity when initial complaint is silent as to capacity).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial withdrawal of their motion to dismiss [#23] is granted.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiffs' complaint for damages [#20] is granted, and **only plaintiffs' complaint for damages against defendants is dismissed.**

**IT IS FURTHER ORDERED** that plaintiff William Bradford's motion for appointment of counsel [#26] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2005.