UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM BRADFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:04CV1710 CDP |
| LINDA MEADE, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on defendants' first motion for summary judgment. I will deny this motion because defendants have not demonstrated that they are entitled to judgment as a matter of law. Specifically, defendants argue that their denial of Bradford's request to publish a newsletter is a presumptively valid treatment decision, relying on Youngberg v. Romero, 457 U.S. 307 (1982). Although the courts in this district have previously held that this is the appropriate standard to resolve § 1983 claims brought by Bradford[1] and other detainees like him, I now believe that Youngberg may not apply.

Persons finally adjudged by a state court to be an SVP are committed to the custody of the director of the Missouri Department of Mental Health (MDMH)

---

[1] Bradford is being held at the Missouri Sexual Offender Treatment Center pending a state-court determination as to whether he should be committed as a sexually violent predator under Missouri law.

"for control, care and *treatment*." Mo. Rev. Stat. § 632.492 (emphasis added). In contrast, civil detainees for which only probable cause has been found to believe they are SVPs are "transferred to an appropriate secure facility . . . for *evaluation* as to whether the person is a sexually violent predator."[2] Mo. Rev. Stat. § 632.489.4 (emphasis added). Because Bradford is involuntarily confined for evaluation only, the defendants' argument that the denial of Bradford's request to publish a newsletter is a presumptively valid *treatment* decision is problematic.

The due process rights of pretrial detainees serve as a guide to determining the due process rights of civil detainees such as Bradford. In Bell v. Wolfish, 441 U.S. 520 (1979), the leading case concerning the due process rights of pretrial detainees, the Supreme Court wrote:

> [I]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against due process of law, we think the proper inquiry is whether those conditions amount to punishment of the detainee.

Id. at 535. The Court reasoned that due process of law prohibited the government from punishing a pretrial detainee prior to an adjudication of guilt. Id. Not every

---

[2]Beyond the semantic difference between "evaluation" and "treatment," I note that prior to being adjudicated an SVP, the state court can have a civil detainee held in any secure facility, including a county jail or the MDMH. See Mo. Rev. Stat. § 632.489.1. The statutory emphasis is on the security of the particular facility, not on the programs offered by it. After being adjudicated an SVP, however, the state court must commit an SVP to the custody of the MDMH. See Mo. Rev. Stat. § 632.492.

restriction placed on a pretrial detainee, however, is considered punishment in the constitutional sense. Id. at 537-38. The Court noted that the purpose of a pretrial detention facility is to confine and detain people. Id. at 537. To further that purpose, a pretrial detainee's freedom of choice and movement necessarily is restricted in a manner it would not be if he were free to walk the streets. Id. Additionally, the government also has

> legitimate interests that stem from its need to manage the facility in which the individual is detained. These legitimate operational concerns may require administrative measures that go beyond those that are, strictly speaking, necessary to ensure the detainee shows up for trial. For example, the Government must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees.

Id. at 540. Consequently, restrictions imposed on a pretrial detainee are not considered punishment as long as they are "reasonably related" to a legitimate governmental objective such as maintaining the safety, security, and good order of the detention facility. Id. at 537-40. See also Smith v. Copeland, 892 F. Supp. 1218, 1233 (E.D. Mo. 1995), aff'd, 87 F.3d 265 (8th Cir. 1996) ("[T]here exists no basis in the Due Process Clause or elsewhere in the Constitution for requiring that discipline not be imposed upon a pretrial detainee for violations of institutional discipline without the particular procedural mechanisms invoked by plaintiff here,

including notice, a hearing or specific findings, a right to counsel and an independent investigation of the charges . . . In this context, then, plaintiff's Due Process right is not to be punished for misconduct in a manner that is not reasonably related to a legitimate institutional objective. The determination whether this right has been infringed does not extend to a de novo review of the jail official's decision whether and how to discipline plaintiff."). Although defendants cite <u>Bell</u> in support of summary judgment, they rely on <u>Youngberg</u> to argue for judgment as a matter of law. It is for this reason that I must deny summary judgment at this time.

Given the state of the law, defendants may be entitled to summary judgment on qualified immunity grounds. Defendants did not, however, argue that they were entitled to qualified immunity, even though their reply brief claims that Bradford "has proffered no response to defendants' assertion of qualified immunity." In addition, defendants also claim that the denial of the newsletter is related to security concerns, but they fail to explain the security issues associated with the publication of a newsletter. Under <u>Bell</u>, defendants may constitutionally impose restrictions on Bradford if they are reasonably related to this legitimate institutional objective. Without additional information from defendants, however, I am unable to determine at this time whether this standard has been met. For

these reasons, I am denying defendants' motion for summary judgment.

This denial is without prejudice to defendants' right to file a second motion for summary judgment on qualified immunity or other grounds as described above. To provide the parties the opportunity to move for summary judgment, I will not set this case for trial at the present time. However, if no motion for summary judgment is filed by **November 1, 2007**, I will set this case for trial. Finally, Bradford's "Request for Judicial Notice" and "Special Evidentiary Request"-- appended to his opposition to summary judgment -- are denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' first motion for summary judgment [#35] is denied.

**IT IS FURTHER ORDERED** that the parties shall file any additional motions for summary judgment by **November 1, 2007.** Opposition briefs shall be filed no later than **December 1, 2007**, and any reply briefs may be filed no later than **December 10, 2007.** If no motions are filed by that date, this matter will be set for trial.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2007.